NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Stephen E. Moor,                          :
                                          :
        Plaintiff,                :
                                          :
        v.                        :    Civ. Action No. 02-3142 (JAG)
                                          :
Honeywell International Inc., *et al.*,   :
                                          :    **OPINION**
        Defendant.                :
                                          :

**GREENAWAY, JR., District Judge**

      This matter comes before the Court on the motion for partial summary judgment, pursuant to FED. R. CIV. P. 56, by Defendant Honeywell International Inc. ("Honeywell"), on Plaintiff Stephen E. Moor's ("Moor") claim for correction of inventorship. For the reasons set forth below, Honeywell's motion will be denied.

**INTRODUCTION**

      This matter arises in the context of a dispute over who invented the subject matter of two patents relating to treatment of oil filters with PTFE, U.S. Patent No. 5,725,031 (the "'031 patent") and No. 6,045,692 (the "'692 patent"). Honeywell is both patents' assignee; the patents descend from a common application. Moor claims that he made significant contributions to the conception of the invention that is the subject matter of these patents, and he filed suit against Honeywell seeking, inter alia, correction of inventorship on the patents under 35 U.S.C. § 256.

      In 2003, Honeywell filed three motions for partial summary judgment; one part of one motion remains undecided and is presently before this Court. This Court heard oral argument on

the motions and, on December 6, 2004, issued its Opinion deciding the motions but withholding decision on the issue of correction of inventorship, pending submission of additional briefing by the parties. The parties completed the additional briefing in January of 2006.

## ANALYSIS

**I.    Governing Legal Standards**

    A.    Standard for a Rule 56 Motion for Summary Judgment

Summary judgment is appropriate under FED. R. CIV. P. 56(c) when the moving party demonstrates that there is no genuine issue as to a material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996). In making this determination, the Court must draw all reasonable inferences in favor of the non-movant. Hullett v. Towers, Perrin, Forster & Crosby, Inc., 38 F.3d 107, 111 (3d Cir. 1994); Nat'l State Bank v. Fed. Reserve Bank of N.Y., 979 F.2d 1579, 1581 (3d Cir. 1992).

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990); see also FED. R. CIV. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a

genuine issue for trial").

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23). In determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable inferences – including on issues of credibility – in favor of the non-moving party. Watts v. Univ. of Del., 622 F.2d 47, 50 (3d Cir. 1980).

   B.  Correction of Inventorship under 35 U.S.C. § 256

"The burden of showing misjoinder or nonjoinder of inventors is a heavy one and must be proved by clear and convincing evidence. . . The inventors as named in an issued patent are presumed to be correct." Hess v. Advanced Cardiovascular Sys., 106 F.3d 976, 980 (Fed. Cir. 1997). The Federal Circuit has explained the basic principles of correction of inventorship under 35 U.S.C. § 256 as follows:

> Patent issuance creates a presumption that the named inventors are the true and only inventors. To rebut this presumption, a district court must find clear and convincing evidence that the alleged unnamed inventor was in fact a co-inventor before correcting inventorship under 35 U.S.C. § 256. To be a joint inventor, an individual must make a contribution to the conception of the claimed invention that is not insignificant in quality, when that contribution is measured against the dimension of the full invention. This requires more than merely exercising ordinary skill in the art--a person will not be a co-inventor if he or she does no more than explain to the real inventors concepts that are well known [in] the current state of the art. Finally, an alleged co-inventor's testimony cannot, standing alone, provide clear and convincing evidence. Instead, an alleged

co-inventor must supply evidence to corroborate his or her testimony. Caterpillar Inc. v. Sturman Indus., 387 F.3d 1358, 1377 (Fed. Cir. 2004) (internal citations omitted).

Inventorship is a question of law that relies on underlying findings of fact. Id. at 1376. In Caterpillar, the Federal Circuit found that the determination of what a person's contribution was, and whether it was a significant contribution, were findings of fact; it was only the ultimate legal conclusion, as to the naming of inventors on the patent, that was a matter of law. Id. at 1377-1378.

With these principles as the foundation, the Federal Circuit has tailored its analysis in inventorship disputes to the facts and circumstances of each case. Honeywell points to the inventorship analysis in Trovan, Ltd. v. Sokymat Sa, 299 F.3d 1292, 1302 (Fed. Cir. 2002): "[A]n inventorship analysis, like an infringement or invalidity analysis, begins as a first step with a construction of each asserted claim to determine the subject matter encompassed thereby. The second step is then to compare the alleged contributions of each asserted co-inventor with the subject matter of the properly construed claim to then determine whether the correct inventors were named." Yet Trovan cites as authority Ethicon, Inc. v. United States Surgical Corp., 135 F.3d 1456, 1461 (Fed. Cir. 1998), and Ethicon begins not with claim construction, but with the determination of the challenger's contribution to the invention. It appears that claim construction is the first step when the facts and circumstances of the case require it, as they did in Trovan but did not in Ethicon. Here, neither party has made specific arguments as to particular claim construction issues that are material to deciding this summary judgment motion.

4

**II.     The motion for summary judgment**

In this case, the parties' dispute over inventorship hinges on: 1) what contribution Moor made to the conception of the inventions in the patents at issue; and 2) if Moor is found to have made a contribution, the significance of that contribution. These require factual determinations. In order to determine the significance of Moor's contribution, this Court will also likely need to establish with some precision what was actually invented in the two patents. At this stage, however, this Court need not reach the issue of what was invented in the two patents because it is clear that factual disputes prevent resolution of inventorship on summary judgment.

Moor claims that he contributed to the subject matter of the patents at issue the idea of treating an oil filter with a colloidal suspension of PTFE. In an action for correction for inventorship under 35 U.S.C. § 256, Moor must provide both primary and corroborating clear and convincing evidence of his significant contribution to the invention. To defeat summary judgment, Moor must show genuine factual issues as to the primary and corroborating evidence of his significant contribution to the invention. Moor has adduced both primary and corroborating evidence that he conceived of treating an oil filter with a PTFE colloidal suspension. The parties dispute whether Moor gave Honeywell this idea. Moor's primary evidence of his contribution to the conception of the invention is his testimony; to survive summary judgment, he must also provide corroborating evidence sufficient to demonstrate a genuine issue of fact for trial.

Moor points to several pieces of corroborating evidence. To defeat summary judgment, Moor need only show the existence of a material factual dispute. He has done so.

Key to this inquiry is the evidence related to the Step Up Filter meeting of December 13,

5

1994.  To put this meeting in context, Moor points to the letter of attorney David Brafman, stating that "Honeywell was not working on a premium oil filter which included PTFE before Mr. Moor contacted Honeywell." (Pl.'s Opp. App. 22.)

Moor points to several specific statements in the Honeywell minutes from the December 13, 1994 meeting.  One statement is: "Steve's idea was to change delivery point from oil to filter." (Pl. Supp. Br. Ex. 13.)   Honeywell argues, persuasively, that this statement reflects Moor's invention of U.S. Patent No. 5,209,842, and does not support his contention that he communicated the idea of treating an oil filter with a colloidal suspension of PTFE.  Neither party claims that the idea of changing the delivery point of PTFE from oil to filter was newly patented in the patents at issue.  Rather, it was Moor's invention, as represented in his prior art patent.

The minutes of the December 13, 1994 meeting are ambiguous, but, at summary judgment, every reasonable inference must be made in favor of the non-movant.  The minutes show that Moor attended a meeting at which "Steve Moor briefed us on his patent and experience in PTFE additives in oil," that use of the Acheson SLA 1612 colloidal suspension with oil filters was discussed, and that "Steve supplied samples of each for our use."  A reasonable jury could infer that this corroborates Moor's claim that he gave Honeywell the idea of treating an oil filter with a PTFE colloidal suspension.

Moor also points to the corroborating evidence of the testimony of inventor Gary Bilski.  At his deposition, Bilski stated that he had not heard of SLA 1612 before Moor introduced it to him. (Bilski Dep. 29:19-22.)   A reasonable jury could infer that this corroborates Moor's claim that he gave Honeywell the idea of treating an oil filter with a PTFE colloidal suspension.

Honeywell contends correctly that, to prevail on Moor's claim for correction of inventorship, Moor must prove by clear and convincing evidence that his contribution was a significant one. At the summary judgment stage, however, Moor need only show a genuine factual dispute over the significance of his contribution, which is clearly present. Honeywell argues that Moor's contribution was a mere exercise of ordinary skill in the art, but offers no proof of this, nor does Honeywell show the absence of a factual dispute. Honeywell contends that SLA 1612 was well-known in the art at the time of the meeting, but this, even if true, does not gain it any ground, since the relevant question is whether use of SLA 1612 to treat oil filters was well-known in the art; Honeywell does not claim this, no less offer evidence of it. Honeywell points to evidence showing that SLA 1612 was known as an oil additive for engine treatment, but this does not show that it was known to be useful in treating oil filters. This is a factual question which, at summary judgment, is resolved in favor of Moor. If use of SLA 1612 to treat oil filters was unknown in the art, and Moor gave Honeywell that idea, that might have been a significant contribution to the conception of the invention, qualifying Moor as a co-inventor.

These questions of the significance of Moor's contribution, and whether the contribution was a mere exercise of ordinary skill in the art, constitute genuine factual disputes for trial. On this record, this Court cannot conclude that the evidence "is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 252.

## **CONCLUSION**

For the foregoing reasons, this Court denies Honeywell's motion for summary judgment on Moor's claim for correction of inventorship.

                                        S/Joseph A. Greenaway, Jr.
                                        JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated:    March 13, 2006